IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN BREWER, et al.,<br><br>                Plaintiffs,<br><br>v.<br><br>DEPUY ORTHOPAEDICS, INC., et al.,<br><br>                Defendants. | NO. C12-1473 TEH<br><br>ORDER GRANTING DEFENDANTS' MOTION TO STAY AND DENYING PLAINTIFFS' MOTION TO REMAND |

       This case has been conditionally transferred to Multidistrict Litigation ("MDL") No. 2244, *In re: DePuy Orthopaedics, Inc., Pinnacle Hip Implant Products Liability Litigation*. Defendants have filed a motion to stay pending transfer, and Plaintiffs have filed a motion to remand based on what they contend is the non-fraudulent joinder of Defendant Thomas Schmalzried, a California resident, which would defeat removal under 28 U.S.C. § 1441(b)(2). The stay motion has been fully briefed, but only the moving papers on the remand motion have been filed. Both motions are currently scheduled for hearing on June 4, 2012. After carefully reviewing the papers filed to date, the Court does not find oral argument to be necessary and now GRANTS Defendants' motion to stay and DENIES Plaintiffs' motion to remand without prejudice.

       On April 11, 2012, the Chairman of the Judicial Panel on Multidistrict Litigation ("JPML") notified this Court that a notice of opposition to the conditional transfer of this case to the MDL court had been filed, and that the JPML would consider the matter at its bimonthly hearing session after the parties had an opportunity for full briefing. The Chairman further explained that this Court "should feel free to rule on any pending motions, including, but not limited to, motions for remand to state court. Particularly where such motions involve an issue or issues unlikely to arise in the MDL, their early resolution may be

in the best interest of the involved courts and parties." Thus, this Court has jurisdiction to consider Plaintiffs' remand motion, and one court in the Central District of California has granted such a motion in a similar case. *Shelton v. DePuy Orthopaedics, Inc.*, Case No. CV 11-08082 DDP (JCGx), 2011 WL 6001630 (C.D. Cal. Dec. 1, 2011).

However, the Court also has the inherent power to control its own docket, including the power to stay proceedings in the interests of judicial economy. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). When considering whether to grant a stay pending a possible transfer by the JPML, courts consider: "(1) conserving judicial resources and avoiding duplicative litigation; (2) hardship and inequity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." *In re Apple iPhone Application Litig.*, Case No. 10-CV-05878-LHK, 2011 WL 2149102, at *2 (N.D. Cal. May 31, 2011). These factors weigh in favor of a stay in this case. First, unlike *Shelton*, which involved a single plaintiff from California, this case involves ten plaintiffs from Arizona, Florida, Massachusetts, Texas, Virginia, and Washington. Thus, to determine whether remand would be appropriate based on Plaintiffs' argument that Dr. Schmalzried was not fraudulently joined, this Court would first have to undertake a choice-of-law analysis and then, if necessary, analyze laws under six different jurisdictions. This is a more complex inquiry than that faced by the *Shelton* court. In addition, Dr. Schmalzried is a defendant in numerous cases that have been transferred or are pending transfer to the MDL court, including cases brought by plaintiffs from the same states as Plaintiffs in this case. The question of whether remand would be appropriate is therefore not unique to this case, and having individual courts decide the issue would be an inefficient use of judicial resources and would also increase the risk of inconsistent results. Similarly, staying this action pending possible transfer would reduce the burden on the parties of unnecessarily duplicative litigation.

Plaintiffs contend that a stay would result in unnecessary delay, but the Court is not persuaded that any delay would be significant or prejudicial. Although Plaintiffs assert that there is a pending motion to consolidate Pinnacle cases in state court, they present evidence only of coordinated proceedings related to the ASR hip system, a different product

2

manufactured by DePuy. Even if a pending motion relating to the Pinnacle product exists in state court, it is unclear how long it has been pending or when a decision might be expected. Moreover, there is no evidence that the JPML is delaying resolution of whether this case should be transferred to the MDL court, nor is there evidence that the pending MDL related to the Pinnacle product is proceeding slowly. In short, the Court does not find a likelihood of any substantial delay in the MDL proceedings, nor does it find that any delay that might result from a stay would be prejudicial.

Accordingly, the Court GRANTS Defendants' motion to stay and DENIES Plaintiffs' motion to remand without prejudice. In doing so, it joins the vast majority of courts that have granted stays in similar cases involving the Pinnacle product and the potentially fraudulent joinder of Defendant Schmalzried.[1] If the JPML does not transfer this case to the MDL court, then Plaintiffs may renew their motion to remand before this Court at that time.

**IT IS SO ORDERED.**

Dated:   05/04/12

_____
THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

---

[1] *Blalock v. DePuy Orthopaedics, Inc.*, Case No. C11-04746 SBA, 2011 WL 6217540 (N.D. Cal. Dec. 14, 2011) (granting motion to stay and denying motion to remand without prejudice); *Sanchez v. DePuy Orthopaedics, Inc.*, Case No. 2:11-cv-07867-JHN-SHx, 2011 WL 7092289 (C.D. Cal. Nov. 21, 2011) (same); *Earl v. DePuy Orthopaedics, Inc.*, Case No. 2:11-cv-07831-JHN-MRW, 2011 WL 7092288 (C.D. Cal. Nov. 15, 2011) (same); *Lingle v. DePuy Orthopaedics, Inc.*, Case No. 11cv1486 L(MDD), 2011 WL 5600539 (S.D. Cal. Nov. 17, 2011) (granting motion to stay and deferring ruling on motion to remand); *Nichols v. DePuy Orthopaedics, Inc.*, Case No. C11-04748 JW, 2011 WL 5335619 (N.D. Cal. Nov. 2, 2011) (granting motion to stay and denying motion to remand as premature); *Freisthler v. DePuy Orthopaedics, Inc.*, Case No. CV 11-6580 DSF (FFMx), 2011 WL 4469532 (C.D. Cal. Sept. 21, 2011) (granting motion to stay without ruling on motion to remand); *but see Shelton*, 2011 WL 6001630 (granting motion to remand).